IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SID PROWELL,                                    2:14-cv-00337-SU

        Plaintiff,                           ORDER

v.

CAM CREDITS, INC.,

        Defendant.


**BROWN, Judge.**

    Magistrate Judge Patricia Sullivan issued Findings and Recommendation (#27) on March 6, 2015, in which she recommends the Court grant Defendant's Motion (#14) for Summary Judgment and deny Plaintiff's Motion (#17) for Partial Summary Judgment. Plaintiff filed timely Objections to the Findings and Recommendation.

    The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate

1 - ORDER

Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

Plaintiff objects to the Magistrate Judge's recommendation that the Court grant Defendant's Motion for Summary Judgment on the basis that Plaintiff brought his claims after the relevant statute of limitations had expired and objects to the Magistrate Judge's alternative recommendation that the Court should deny Plaintiff's Motion for Partial Summary Judgment because a genuine dispute of material fact exists as to Defendant's *bona-fide* error defense.

For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Findings and Recommendation.

## I. Statute of Limitations

Plaintiff contends Defendant, a debt collector, misrepresented the amount of the debt owed by Plaintiff to one of Defendant's clients in the course of small-claims court litigation over nonpayment of the debt, and, therefore, Defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e(2)(A) and § 1692f(1).[1]  The FDCPA contains a one-

---

[1] The Magistrate Judge also recommended this Court grant summary judgment to Defendant on Plaintiff's claim that Defendant furnished false information to credit-reporting agencies in

2 - ORDER

year statute of limitations "from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

Plaintiff alleges three misrepresentations of the amounts owed on two accounts that provide the basis for his FDCPA claims: (1) a complaint filed in the small-claims court case on February 15, 2013, that erroneously represented Plaintiff owed $2,216.08 on the debt; (2) a March 14, 2013, letter to the small-claims court that made reference to the "$2,200+" Defendant sought in the complaint filed February 15, 2013; and (3) a revised representation made at a small-claims court hearing on April 17, 2013, in which Defendant represented Plaintiff owed approximately $1,891.49 on the debt.

The small-claims court awarded $1,885.97 to Defendant.

Plaintiff filed his action in this Court on February 28, 2014. The Magistrate Judge found (and Plaintiff no longer contests) that Defendant's alleged violations of the FDCPA would have had to occur between February 28, 2013, and February 28, 2014, to be within the FDCPA's statute of limitations.

The Magistrate Judge concluded all of the alleged misrepresentations were outside of the relevant statute of limitations because the March 14, 2013, and April 17, 2013,

---

violation of 15 U.S.C. § 1692e(8). The Magistrate Judge found these alleged violations also took place outside of the one-year statute of limitations under 15 U.S.C. § 1692k(d). Plaintiff, however, does not object to that recommendation.

3 - ORDER

alleged misrepresentations related to the original February 15, 2013, small-claims court complaint.  The Magistrate Judge relied on the Findings and Recommendation of Magistrate Judge Dennis J. Hubel in *Linfoot v. Bernardi*, No. 03:12-cv-00799-HU (#23), 2013 WL 958279 (D. Or. Jan. 23, 2013), for the proposition that "subsequent communications regarding an existing claim do not 'start a fresh statute of limitations period.'"  *Id.* (quoting *Reese v. JP Morgan Chase & Co.*, 686 F. Supp. 2d 1921, 1307 (S.D. Fla. 2009)).

    The FDCPA prohibits a "false representation of . . . the character, amount, or legal status of any debt" or "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  *See* 15 U.S.C. §§ 1692e(2)(A), 1692f(1). Thus, the question before this Court is whether each communication to the small-claims court was a new "false representation" or "collection" of an amount greater than that which was actually owed or whether the subsequent communications with the small-claims court related back to the singular "representation" or "collection" in the small-claims court complaint.

    Plaintiff first objects to the Magistrate Judge's reliance on Magistrate Judge Hubel's Findings and Recommendation in

4 - ORDER

*Linfoot* because, according to Plaintiff, Magistrate Judge Sullivan "misrepresent[ed]" the holding of *Linfoot* as modified by Judge Mosman. *See Linfoot v. Bernardi*, No. 3:12-cv-00799-HU (#28), 2013 WL 957634 (D. Or. Mar. 11, 2013)(order by Judge Mosman adopting as modified Judge Hubel's Findings and Recommendation). In *Linfoot* the Court considered when the statute of limitations began to run on the plaintiff's FDCPA claim in which the plaintiff alleged the debt collector violated § 1692g(b) when it failed to cease collection efforts (or to validate the debt) after the plaintiff challenged the debt. In *Linfoot* the plaintiff argued "each and every subsequent collection activity . . . was itself a separate and new 'triggering event,' for the purposes of determining whether the statute of limitations is a bar." Judge Mosman observed even though "[t]hat may be true in improper *form of communication* cases where each communication is itself a new violation that potentially triggers a new limitations period," the "form of communication" cases (*i.e.*, cases in which the debt-collection violation is communication with the debtor in an impermissible *manner*) are distinguishable from a debt collector's duty to cease debt-collection activities after the debtor disputes the debt. Thus, Judge Mosman held "[e]ach subsequent collection activity does not trigger a new limitations period." *Linfoot*, 2013 WL 957634, at *2. Accordingly, Judge Mosman adopted Magistrate

5 - ORDER

Judge Hubel's Findings and Recommendations as to the FDCPA claims. *Id.*, at *3. Plaintiff's contention that the Magistrate Judge "misrepresent[ed]" *Linfoot* is, therefore, meritless.

More difficult, however, is reconciling *Linfoot* with this Court's decision in *Reese v. CAC Services, Inc.*, No. 10-cv-00766-BR, 2011 WL 830084 (D. Or. Mar. 3, 2011).[2] Facing an issue similar to the one in *Linfoot*, this Court reached the opposite conclusion in *Reese* and held when the issue is a debt collector's failure to validate the debt or to cease collection efforts after the debtor disputes the debt, then "'each failure to cease collection activity . . . presents a discrete claim for violation of the FDCPA." A garnishment issued during the statutory period, therefore, was actionable even though several other alleged violations occurred outside of the statutory period. *Id.*, at *4.

Plaintiff does not cite any case (and this Court has not found any) from the Ninth Circuit or from district courts in this Circuit that specifically addresses when the statute of limitations begins to run on FDCPA claims that are based on an alleged misrepresentation of the amount of the debt. As Magistrate Judge Sullivan noted, the weight of authority in other districts holds: "[I]f the new communication concerns an old claim, the new communication is subject to the statute of

---

[2] Plaintiff cited *Reese* for the first time in his Objection to the Magistrate Judge's Findings and Recommendation.

6 - ORDER

limitations period for the old claim." *See Simard v. LVNV Funding, LLC*, 2011 WL 4543956, at *5 (D. Mass. Sep. 28, 2011). *See also Nutter v. Messerli & Kramer, P.A.*, 500 F. Supp. 2d 1219, 1223 (D. Minn. 2007).

Like Magistrate Judge Sullivan, this Court finds the reasoning of *Simard* and *Nutter* persuasive in the context of FDCPA claims that are based on alleged misrepresentations of the amount of the same debt. Accordingly, when a plaintiff alleges a debt collector violated the FDCPA by misrepresenting the amount of the debt or attempting to collect a debt in excess of the amount actually owed, the statute of limitations begins to run when the plaintiff knows or reasonably should have known about the alleged misrepresentation or collection regardless of subsequent communications concerning the old claim.

The Court notes the March 14, 2013, letter was nothing more than a letter from Defendant's counsel to the small-claims court making an appearance on behalf of Defendant and requesting permission to file a motion to strike Plaintiff's counterclaim. Although the letter contained a reference to the approximate amount of the debt as background, that representation was not materially different from the representation in Defendant's small-claims court complaint. Accordingly, the Court agrees with Magistrate Judge Sullivan's determination that the March 14, 2013, letter to the small-claims court was a "new communication

concern[ing] an old claim." *See Simard*, 2011 WL 4543956, at *5.

Defendant's April 17, 2013, representation of the amount of the debt at a small-claims court hearing reflected a reduction of the amount in the small-claims complaint based on the small-claims court's previous determination that Defendant had miscalculated the amount of the debt. At the April 17, 2013, hearing the amount that Defendant represented Plaintiff owed, however, was still $5.52 greater than the $1,885.97 that the small-claims court ultimately awarded to Defendant. Even assuming such a trivial "misrepresentation" of the amount of a debt can constitute a violation of the FDCPA, the Court finds Magistrate Judge Sullivan correctly determined Defendant's representation at the April 17, 2013, hearing was, nevertheless, a "new communication concern[ing] the old claim" because it reduced the amount Defendant sought in payment of the debt and was for the purpose of correcting the old representation concerning the amount of the debt. *See Simard*, 2011 WL 4543956, at *5.

Accordingly, on this record the Court concludes the Magistrate Judge correctly found Plaintiff's claims are barred by the statute of limitations.

## II. *Bona-Fide* Error Defense

As noted, Plaintiff also objects to Magistrate Judge Sullivan's alternative finding that Plaintiff was not entitled to

8 - ORDER

summary judgment because a genuine dispute of material fact exists as to Defendant's *bona-fide* error defense.  In support of his Objection, Plaintiff merely reiterates the arguments contained in his Motion for Partial Summary Judgment.  In any event, Plaintiff's Objection is rendered moot by the Court's adoption of the Magistrate Judge's finding that Plaintiff's claims are barred by the statute of limitations.

In summary, this Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation.  The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Sullivan's Findings and Recommendation (#27), **GRANTS** Defendant's Motion (#14) for Summary Judgment, and **DENIES** Plaintiff's Motion (#17) for Partial Summary Judgment.

IT IS SO ORDERED.

DATED this 12th day of May, 2015.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge